UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ISLA CORPORATION** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-8645** |
| **SUNDOWN ENERGY, LP** | **SECTION B(1)** |

ORDER AND REASONS

Before the Court is Defendant Sundown Energy LP's ("Sundown") Motion to Dismiss Plaintiff's First Amended Complaint For Failure To State A Claim (Rec. Doc. No. 19). The Court converted Plaintiff's Motion To Dismiss into a Motion For Summary Judgment and directed parties to submit documentation related to mandatory presentment requirements under the Oil Pollution Liability and Compensation Act. (Rec. Doc. No. 28). After review of the pleadings, attachments, and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendants' motion for summary judgment is **DENIED.**

*BACKGROUND*

On August 29, 2005 Plaintiff's property sustained damage from crude oil contamination when Hurricane Katrina ruptured oil storage tanks on a drill site owned and operated by Defendant Sundown.

On August 25, 2006 Plaintiff filed suit against Sundown asserting claims under 33 U.S.C. § 2702, Oil Pollution Liability and Compensation Act (OPA) and further asserting state law claims

1

of strict liability and negligence for Sundown's alleged failure to take proper precautionary measures in securing oil storage tanks prior to Hurricane Katrina.

Sundown contends OPA provides for Plaintiff's exclusive remedy. Sundown further contends Plaintiff failed to meet the mandatory presentment requirements of OPA. Therefore, Sundown moves the Court to dismiss Plaintiffs complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state a claim upon which relief can be granted.

Plaintiff contends OPA does not preempt state law claims, therefore, OPA does not provide an exclusive remedy. Plaintiff further contends that Plaintiff satisfied OPA's mandatory presentment requirements.

## DISCUSSION

### A. Summary Judgment Standard

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 2554-55 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). Although

the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas*, 139 F.3d 532, 536 (5th Cir. 1998). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id.* Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

**B.   *Oil Pollution Liability and Compensation Act***

Defendant contends OPA provides Plaintiff's exclusive remedy and therefore precludes Plaintiff's state law claims. However, 33 U.S.C. § 2718(a) provides "[n]othing in this Act . . . shall affect, or be construed or interpreted as preempting, the authority of any State or political subdivision thereof from imposing any additional liability or requirements with respect to the discharge of oil or other pollution by oil within such state . . ."

Notwithstanding said statutory language, Defendant argues OPA replaced the fragmented system of federal and state laws addressing oil pollution liability. Defendant cited *South Port Marine, LLC v. Gulf Oil Ltd. P'ship*, 234 F.3d 58, 65 (1st Cir. 2000) and *Clausen v. M/V New Carissa*, 171 F.Supp. 2d 1127, 1133 (D.Or. 2001). *South Port Marine* and *Clausen* established that OPA is the exclusive

*federal* remedy. *Id*. However, neither *South Port Marine* nor *Clausen* addressed additional state law remedies. *Id*. Moreover, the Court in *Tanguis v. Westchester*, 153 F.Supp.2d 859, 863 (E.D.La. 2001) the Court expressly recognized that the OPA "'does not preempt state law in the area of oil spill liability and compensation.'" (citing Cynthia Wilkinson, L. Pittman, Rebecca F. Dye, *Slick Work: An Analysis of the Oil Pollution Act of 1990*, 12 J. Energy Nat. Resources & Envtl. L. 181 (1992). Therefore, OPA does not preempt Plaintiff's state law claims.

### C. Oil Pollution Liability and Compensation Act Presentment Requirements

Defendant contends Plaintiff failed to comply with OPA's mandatory presentment requirements. 33 U.S.C. § 2713(a) provides "all claims for removal costs or damages shall be presented first to the responsible party or guarantor of the source . . ." Furthermore, 33 U.S.C. § 2713(c) provides:

> If a claim is presented in accordance with . . . this section and
> (1) each person to whom the claim is presented denies all liability for the claim, or
> (2) the claim is not settled by any person by payment within 90 days after the date upon which (A) the claim was presented, or (B) advertising was begun pursuant to section(b) of this title, whichever is later,
> the claimant may elect to commence an action in court against the responsible party or guarantor to present the claim to the Fund.

4

A claim is defined as "a request, made in writing for a sum certain, for compensation for damages or removal costs resulting from an incident." 33 U.S.C. § 2701(3). Presentment of a claim in accordance with section 2713 is a "mandatory condition precedent" for OPA claims. *Turner v. Murphy Oil USA, Inc.*, No. 05-4206 (E.D.La. Dec. 29, 2005)(citing *Boca Ciega Hotel, Inc. v. Bouchard Transp. Co.,* 51 F.3d 235, 240 (11th Cir. 1995)).

A genuine issue of material fact exists as to whether Plaintiff complied with OPA's mandatory presentment requirements. Said factual dispute may be resolved upon further discovery. Accordingly,

**IT IS ORDERED** that Defendant's motion for summary judgment is **DENIED.**

New Orleans, Louisiana this 26th day of April, 2007.

UNITED STATES DISTRICT JUDGE

5